TRAXLER, Chief Judge,
concurring in the result:
“Under Rule 10b-5, it is unlawful for ‘any person, directly or indirectly, ... [t]o make any untrue statement of a material fact’ in connection with the purchase or sale of securities.” Janus Capital Group, Inc. v. First Derivative Traders, — U.S. -, 131 S.Ct. 2296, 2301, 180 L.Ed.2d 166 (2011) (quoting 17 C.F.R. § 240.10b-5(b)) (alterations in original). The Supreme Court in Janus held that “[f]or purposes of Rule 10b-5, the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it.” Id. at 2302. Although I believe “make” has the same meaning in the criminal context as it does in the context of a private right of action, I nevertheless would affirm.
Prousalis argues that the conduct underlying his convictions is no longer illegal because Janus demonstrates that it was Busybox, and not he, who made the statements that were the basis for his convictions. However, that it was Busybox that made the statements does not negate the illegality of Prousalis’s causing Busybox to make them. Subsection 2(b) of Title 18 states that “[w]hoever -willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.” That provision “is intended to impose criminal liability on one who causes an intermediary to commit a criminal act, even though the intermediary who performed the act has no criminal intent *280 and hence is innocent of the substantive crime charged.” United, States v. Richeson, 825 F.2d 17, 20 (4th Cir.1987) (internal quotation marks omitted). Subsection 2(b) “does not set forth an essential element of the offense with which the defendant is charged or itself create a separate offense.” United States v. Ashley, 606 F.3d 135, 143 (4th Cir.2010). Thus, a defendant can be liable under § 2(b) regardless of whether the indictment even charges that provision.[1] See id.
Prousalis’s willful intent to defraud, combined with Busybox’s duty not to make the charged material misrepresentations and omissions, made it a crime for Prousalis to cause Busybox to make the statements at issue. Thus, his contention that the conduct underlying his convictions is no longer illegal after Janus is simply incorrect, and the district court properly dismissed his petition.[2]

. The indictment did expressly charge 18 U.S.C. § 2 with regard to Counts Two and Three.

. Count One alleged a conspiracy, the objective of which was to commit securities fraud, wire fraud, and mail fraud. Even if under Janus the alleged conduct did not amount to conspiracy to commit securities fraud, it still amounted to conspiracy to commit wire fraud and mail fraud, and this provides an additional basis for affirmance concerning Count One.